UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LAWRENCE WILSON,[1]

                            Plaintiff,                9:17-CV-1274
                                                                      (GLS/CFH)

      v.

ANTHONY ANNUCCI et al.,

                            Defendants.
_____

APPEARANCES:

LAWRENCE WILSON
88-C-0777
Plaintiff, pro se
Groveland Correctional Facility
7000 Sonyea Road
Sonyea, NY 14556

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

      The Clerk has sent to the Court for review a civil rights complaint brought pro se by plaintiff Lawrence Wilson. Dkt. No. 1 ("Compl."). Plaintiff, who is presently confined at Groveland Correctional Facility, has paid the filing fee for this action in full.

**II.    SUFFICIENCY OF THE COMPLAINT**

    **A.    Standard of Review**

---

[1] Plaintiff identifies himself in the complaint as "Lawrence George Wilson." However, because plaintiff is identified by the Department of Corrections and Community Supervision (DOCCS) as "Lawrence Wilson," *see* http://nysdoccslookup.doccs.ny.gov, he is identified on the docket of this action and will be referred to herein by his commitment name – "Lawrence Wilson."

In light of the fact that plaintiff seeks relief from officers and employees of DOCCS, the Court must now consider the sufficiency of the allegations set forth in his complaint in light of 28 U.S.C. § 1915A. Section 1915A directs that a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Thus, although the court has the duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine whether the plaintiff may properly proceed with an action.

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### B.     Summary of the Complaint

Plaintiff asserts allegations of wrongdoing arising out of disciplinary proceedings conducted at Auburn Correctional Facility ("Auburn C.F."). *See generally* Compl. The following facts are set forth as alleged by plaintiff in the complaint.

On approximately December 5, 2014, plaintiff was charged in an inmate misbehavior report with violating several prison disciplinary rules. Compl. at 5. A Tier III disciplinary hearing was conducted by defendant Auburn C.F. Deputy Supt. Tanea. *Id*. at 5. At the conclusion of the hearing on January 12, 2015, and without substantial evidence supporting the determinations, Dep. Supt. Tanea found plaintiff guilty of the charges. *Id*. at 5-7. Plaintiff was sanctioned with "90 days SHU/Keeplock time away from general population" and a "$5.00 levy." *Id*. at 8. As a result of this disciplinary determination, plaintiff "lost" his program assignment and stipend; plaintiff also states that he had to "forfeit" a surrogate court proceeding regarding his deceased wife's estate. *Id*. at 8.[2]

The disciplinary determinations were affirmed on administrative appeal by defendant DOCCS Acting Commissioner Annucci in March 2015. Compl. at 5, 7-8. In April 2015, plaintiff commenced a state court proceeding pursuant to New York CPLR Article 78. *Id*. On March 16, 2017, the Appellate Division, Third Department, annulled the disciplinary

---

[2] The complaint provides no facts regarding the basis for plaintiff's assertion that he was "unable to proceed" with that legal matter. *See* Compl. at 10.

3

determinations and ordered all references to the proceedings expunged from plaintiff's institutional record. *Id*.; *see Wilson v. Comm'r of New York State Dep't of Corr. & Comm. Supervision*, 148 A.D.3d 1368, 1369 (3d Dep't 2017).

Based upon the foregoing, plaintiff claims that he was disciplined in violation of his right to due process protected under the Fourteenth Amendment to the U.S. Constitution. Compl. at 10-12. In addition to Dep. Supt. Tanea and Acting DOCCS Commissioner Annucci, Auburn C.F. Supt. Graham is named as a defendant. *Id*. at 3-4. Plaintiff seeks an award of damages. *Id*. at 9. For a complete statement of plaintiff's claims and the facts he relies on in support of those claims, reference is made to the complaint.

### C. Analysis

Plaintiff seeks relief for violation of his constitutional rights pursuant to 42 U.S.C. § 1983 ("Section 1983"), which "provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, No. 95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "[Section 1983] is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights."). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

To successfully state a Fourteenth Amendment claim for denial of due process arising out of a disciplinary hearing, a plaintiff must show that he both (1) possessed an actual liberty interest, and (2) was deprived of that interest without being afforded sufficient process. *See*

*Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004); *Tellier v. Fields,* 280 F.3d 69, 79-80 (2d Cir. 2000); *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir. 1998).[3]

"[A] prisoner's restricted confinement within a prison does not give rise to a liberty interest, warranting procedural due process protection, unless the conditions 'impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Sealey v. Giltner,* 197 F.3d 578, 583 (2d Cir. 1999) (quoting *Sandin v. Conner,* 515 U.S. 472, 484 (1995)).[4] While not the only factor to be considered, the duration of a disciplinary confinement remains significant under *Sandin*. *Colon*, 215 F.3d at 231.[5] Thus, while under certain circumstances confinement of less than 101 days could be shown to meet the atypicality standard under *Sandin* (*see Colon*, 215 F.3d at 232 n.5), the Second Circuit generally takes the position that restrictive confinement, without unusual conditions, for a period of up to 101 days will generally not constitute an atypical hardship, while confinement for a period of more than 305 days has been held to be atypical even if under "normal conditions." *Davis v. Barrett,* 576 F.3d 129, 133 (2d Cir. 2009) (citing *Colon*, 215

---

[3] The due process protections afforded inmates facing disciplinary hearings that affect a liberty interest include advance written notice of the charges, a fair and impartial hearing officer, a hearing that affords the inmate the opportunity to call witnesses and present documentary evidence, and a written statement of the evidence upon which the hearing officer relied in making his determination. *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (citing, inter alia, *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)). The hearing officer's findings must be supported by "some" "reliable evidence." *Id*. (citing, inter alia, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)).

[4] Atypicality in a *Sandin* inquiry is normally a question of law. *Colon v. Howard,* 215 F.3d 227, 230-31 (2d Cir. 2000); *Sealey,* 197 F.3d at 585.

[5] For example, segregation for a period of thirty days was found by the Supreme Court in *Sandin* not to impose a significant hardship on an inmate. *Sandin*, 515 U.S. at 485-86. In explaining its reasoning, the Court found that the disciplinary confinement failed to present "a dramatic departure from the basic conditions" of an inmate's normal sentence. *Id*.

F.3d at 231).[6]

Plaintiff claims that he was denied due process at the disciplinary hearing conducted by Dep. Supt. Tanea. *See* Compl. More specifically, plaintiff alleges that his request to obtain testimony from certain witnesses was improperly denied, as were his requests for certain documents and records. *Id*. at 11. Plaintiff further contends that the disciplinary determinations were based upon insubstantial evidence. *Id*. While these allegations plausibly suggest that plaintiff was denied procedural due process protections, the Court must consider whether he has alleged facts sufficient to plausibly suggest that he enjoyed a protected liberty interest in the challenged disciplinary proceeding.

Here, the period of restrictive confinement relevant to the Court's *Sandin* analysis appears to be the ninety days plaintiff spent in "SHU/Keeplock." *See* Compl. at 8. In light of plaintiff's relatively brief confinement, and because he does not allege that the conditions of that confinement were atypical or unusually severe, the Court finds that he has not demonstrated a liberty interest in being free from that confinement. *See, e.g., Crenshaw v. Sciandra*, 766 F. Supp. 2d 478, 482 (W.D.N.Y. 2011) ("Because plaintiff spent a 'relatively brief' period of 94 days in SHU, his due process rights are not implicated, absent a showing that the conditions of his confinement were unusually severe.").[7]

---

[6] Under "normal" conditions, a prisoner confined in the special housing unit of a New York state prison is "placed in a solitary confinement cell, kept in his cell for 23 hours a day, permitted to exercise in the prison yard for one hour a day, limited to two showers a week, and denied various privileges available to general population prisoners, such as the opportunity to work and obtain out-of-cell schooling. Visitors [are] permitted, but the frequency and duration [is] less than in general population. The number of books allowed in the cell [is] also limited." *Palmer v. Richards*, 364 F.3d 60, 66 n.3 (2d Cir. 2004). "Keeplock" is a less restrictive form of disciplinary confinement where the inmate is confined to his own cell for the duration of the disciplinary sanction. *Gittens v. LeFevre*, 891 F.2d 38, 39 (2d Cir. 1989).

[7] It is well-settled that prisoners do not enjoy a protected liberty interest in eligibility for or access to a particular program or prison job. *See Pugliese v. Nelson*, 617 F.2d 916, 923 (2d Cir. 1980). Plaintiff's alleged loss of his program assignment as a consequence of the disciplinary determination "has no bearing on whether

6

Based upon the foregoing, plaintiff's claim that he was disciplined in violation of his rights protected by the Due Process Clause does not survive the Court's initial review. As a result, the complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(b)(1).

## III. OPPORTUNITY TO FILE AN AMENDED COMPLAINT

The Second Circuit has held that a district court "should not dismiss [a pro se plaintiff's complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.1999) (internal quotation omitted). Although the complaint does not necessarily indicate that plaintiff might be able to state a valid claim, the Court will nonetheless give him an opportunity to present a proposed amended complaint.

Any amended complaint submitted by plaintiff in response to this Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claims that specific individuals named as defendants in that pleading engaged in acts of misconduct or wrongdoing which violated his constitutional rights. Plaintiff's amended complaint, which shall supersede and replace in its entirety the original complaint, must be a complete pleading which sets forth all of the claims that plaintiff wants this Court to consider as a basis for awarding relief herein.

Plaintiff is advised that his failure to file an amended complaint within thirty (30) days

---

he was entitled to due process under *Sandin*." *Palmer v. Richards*, 364 F.3d 60, 64 n.2 (2d Cir. 2004). Similarly, plaintiff's conclusory assertion that he "forfeit[ed]" a state court proceeding in which he claims to have had a legal interest does not suffice. The law in the Second Circuit clearly provides that "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987).

7

of the filing date of this Decision and Order will result in dismissal of this action without prejudice without further order of the Court.

## IV.    CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the complaint fails to state one or more claims for the violation of plaintiff's constitutional rights cognizable under Section 1983 and is **DISMISSED without prejudice** in accordance with 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that, if plaintiff wishes to proceed with this action, he must file an amended complaint **within thirty (30) days** of the filing date of this Decision and Order; and it is further

**ORDERED** that, upon the filing of an amended complaint as directed above, the Clerk shall return the file to this Court for review; and it is further

**ORDERED** that, in the event plaintiff fails to file a signed amended complaint **within thirty (30) days** of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) due to plaintiff's failure to state a claim upon which relief can be granted and to comply with the terms of this Decision and Order, without further order of this Court; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff by regular mail.

**IT IS SO ORDERED.**

December 21, 2017
Albany, New York

*Gary L. Sharpe*
U.S. District Judge